Opinion issued December 31, 2025



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00606-CV

_____

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellant**

**V.**

**DARRELL HALL, Appellee**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 18-DCV-254831**

---

## MEMORANDUM OPINION

The Texas Department of Criminal Justice ("TDCJ") appeals an order denying its plea to the jurisdiction. However, an associate judge of the district court signed the order denying TDCJ's plea, and the record does not reflect that the district court ever signed the order.

Under Texas law, "[a]n associate judge's judgment is not appealable until the referring court signs it." *Lindsey v. Money Source, Inc.*, No. 01-25-00021-CV, 2025 WL 3028894, at *1 (Tex. App.—Houston [1st Dist.] Oct. 30, 2025, no pet. h.) (mem. op.) ("[T]he date an order or judgment by the referring court is signed is the controlling date for the purposes of appeal to or request for other relief from a court of appeals or the supreme court." (citing TEX. GOV'T CODE § 54A.116(b)); *Rodriguez v. Slagle*, No. 05-23-00547-CV, 2023 WL 6936912, at *1 (Tex. App.—Dallas Oct. 20, 2023, pet. dism'd w.o.j.) (mem. op.) (dismissing appeal because "an associate judge's judgment is not appealable until signed by the referring court").

Accordingly, on December 11, 2025, we requested a written response from the parties explaining why we have jurisdiction over this appeal, to be filed within ten days of the request. We stated that after expiration of the ten-day period, "the appeal may be dismissed for want of jurisdiction without further notice." Neither party filed a response. However, the current district court judge (who was not in office at the time the associate judge issued the denial order or when this appeal was filed) filed a letter with our Court expressing that the predecessor district court judge did not sign the associate judge's denial order, meaning we lack jurisdiction over this appeal. We agree.

Because the record does not contain a final judgment signed by the referring court, and because neither party responded to our request, we dismiss this appeal for want of jurisdiction. *See* TEX. GOV'T CODE § 54A.116; TEX. R. APP. P. 42.3(a), 42.3(c).

**PER CURIAM**

Panel consists of Justices Guerra, Guiney, and Johnson.